IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE MARTINEZ,

    Plaintiff,

  v.                                                                                            No. CIV 09-0988 RB/DJS

CURRY CO. DENTENTION [sic] CENTER/
CORRECTIONAL HEALTHCARE,
NURSE JOYCE GARCIA,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In the complaint Plaintiff alleges that he was denied adequate medical treatment for a heart attack. Plaintiff contends that Defendants acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights. The complaint seeks damages.

No relief is available on Plaintiff's claims against named Defendant Curry Co. Detention Center. First, "a detention facility is not a person or legally created entity capable of being sued," *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000), and thus Plaintiff's claims against this Defendant are construed as directed at the County itself. Second, Plaintiff makes no factual allegations against Curry County. To establish § 1983 liability against a county, Plaintiff must allege a constitutional violation by an employee and that a municipal policy or custom was the moving force behind the violation. *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998). Plaintiff makes no allegation of any such policy or custom, or any other factual matter, against Defendant Curry Co. Detention Center, and the Court will dismiss claims against this Defendant.

IT IS THEREFORE ORDERED that the order to cure defects (Doc. 3) is SET ASIDE, Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 4) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff

with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Curry Co. Detention Center are DISMISSED with prejudice, and Defendant Curry Co. Detention Center is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Correctional Healthcare and Nurse Joyce Garcia.

_____
UNITED STATES DISTRICT JUDGE