IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JESSE MARTINEZ,**

    Plaintiff,

vs.                                                        Cause No. 1:09-cv-988 RB/DJS

**CORRECTIONAL HEALTHCARE and**
**JOYCE CULLIVER aka Joyce Garcia,**

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 2], entered October 19, 2009, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. For the reasons stated below, the Court provides this interim recommendation that *Defendant Correctional Healthcare Management Inc.'s Motion to Dismiss Plaintiff's Amended* [sic] *Prisoner Complaint* [Doc. 16], filed May 5, 2010, be granted.

**I.    BACKGROUND**

Plaintiff Jesse Martinez is a *pro se* prisoner litigant. He brings this civil rights action alleging he was denied adequate medical treatment in violation of his Eighth and Fourteenth Amendment rights. Specifically, he states he suffered three days of chest pains and a "lite" heart attack but was not taken to the hospital. [Doc. 5 at 2, 6.] The complaint further alleges that Defendant Nurse Joyce

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Garcia, who is employed by Defendant Correctional Healthcare Management, Inc. ("CHM") "abused her authority by acting in a very unlawful act." [Id. at 2.] He claims he would have died if "Nurse Vickie" had not given him nitroglycerin pills. [Id. at 6.]

Defendant CHM moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint fails to state a claim against it.[2] According to CHM, assuming it was performing a municipal function by providing medical services to inmates, it nevertheless cannot be held vicariously liable under section 1983 for the acts of its employee Joyce Garcia in allegedly failing to provide medical care to Martinez. Martinez has not responded to the motion.

## II.  LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)) (quotation marks omitted). This standard does not require heightened pleading, only enough facts to nudge claims "across the line from conceivable to plausible." *Id.* In applying this standard, the Court assumes the truth of the plaintiff''s well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id.*

Because Martinez is *pro se*, the Court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that if the Court reasonably can read the pleadings to state a valid claim on which he might prevail, it should do so despite, for example, any failure to cite proper authority or unfamiliarity with pleading requirements. *Id.* This does not mean, however, the Court

---

[2]Although CHM's motion is directed to the "amended" complaint, the pleading at issue is the original complaint—*Prisoner's Civil Rights Complaint* [Doc. 5]—which has not been amended.

may assume the role of advocate for the *pro se* litigant.  *Id.*  Furthermore, although permitted by Local Rule D.N.M.LR-Civ. 7.1(b), the Court does not, under the circumstances here, construe Martinez' failure to respond to the motion as consent to grant it.  *See Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988).  The Court will instead assume that the motion is opposed and address the merits.

## III.  DISCUSSION

The issue presented by CHM's motion is whether the Petition plausibly states a constitutional claim against it.  The Court concludes that the factual allegations of the Petition, taken as true, are insufficient and do not state a claim against CHM.

Local government units can be held liable for civil rights violations under 42 U.S.C. § 1983.  *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 690 (1978).  Liability, however, cannot be premised on the doctrine of *respondeat superior*.  *Id.*  In other words, a municipality cannot be held liable merely because it employs a tortfeasor "unless action pursuant to official municipal policy of some nature caused a constitutional tort."  *Id.*

It is now well settled that *Monell* extends to private defendants sued under section 1983.  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("Although the Supreme Court's interpretation of § 1983 in *Monell* applied to municipal governments and not private entities acting under color of state law, caselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants." (footnote omitted)).  Thus, private actors cannot be held liable under section 1983 under a *respondeat superior* theory.  For liability to attach, a plaintiff must demonstrate that the defendant had an official policy that was the direct cause of the alleged injuries, not merely that it employed a tortfeasor.  *Id.* at 1216–17; *see also Smedley v. Corr. Corp. of Am.*, 175 F.App'x 943, 946 (10th Cir. 2005) (unpublished).

In this case, the only factual allegations against CHM are that it was "employed by [Curry

County Detention Center] and was acting in performance of its official duties" and that in turn it employed Defendant Nurse Garcia. [Doc. 5 at 2.] Martinez does not allege any conduct by CHM that could serve as the basis of section 1983 liability, nor are there any allegations, plausible or otherwise, from which the Court could reasonably infer Defendant Garcia was acting pursuant to a custom or policy implemented by CHM. The Court therefore concludes the Petition fails to state a claim against CHM.

## IV.     RECOMMENDATION

The Court recommends that *Defendant Correctional Healthcare Management Inc.'s Motion to Dismiss Plaintiff's Amended* [sic] *Prisoner Complaint* [Doc. 16], filed May 5, 2010, be granted.

_____
**DON J. SVET**
**United States Magistrate Judge**