IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE MARTINEZ,

     Plaintiff,

vs.                                 Cause No.  1:09-cv-988 RB/DJS

CORRECTIONAL HEALTHCARE and
JOYCE CULIVER aka Joyce Garcia,

     Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 2], entered October 19, 2009, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court recommends that Plaintiff's Prisoner's Civil Rights Complaint [Doc. 5], filed October 13, 2009, be dismissed with prejudice and that judgment be entered in favor of all Defendants on all of Plaintiff's claims.

## I.    BACKGROUND

Plaintiff Jesse Martinez is a *pro se* prisoner litigant.  He brings this civil rights action alleging he was denied adequate medical treatment in violation of his Eighth and Fourteenth Amendment rights.  Specifically, he states he suffered three days of chest pains and a "lite" heart attack but was not taken to the hospital.  [Doc. 5 at 2, 6.]  The complaint further alleges that Defendant Nurse Joyce

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Garcia (named in the complaint as Nurse Joy Garcia), who is employed by Defendant Correctional Healthcare Management, Inc. ("CHM"), "abused her authority by acting in a very unlawful act."  [Id. at 2.]  Mr. Martinez further alleges he would have died if "Nurse Vickie" had not given him nitroglycerin pills.  [Id. at 6.]

On August 18, 2010, the Court ordered Defendants to file a *Martinez*[2] report, giving the parties notice that it "may be used in deciding whether to grant or deny summary judgment on Plaintiff's claims, whether by motion or *sua sponte*."  [Doc. 24.]  Defendants filed the *Martinez* report by the September 17, 2010 deadline.  [Doc. 26.]  Plaintiff's response was due within 20 days of service of the *Martinez* Report.  [Id.]  As of the date of this recommendation, no response has been filed.

On November 10, 2010, the District Judge entered an order dismissing the claims against Defendant CHM.  [Doc. 27.]  Thus, the only claims remaining are those against Defendant Joyce Culiver.

## II.    LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact[.]" Fed.R.Civ.P. 56(c)(2).  The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party meets its burden, the party opposing summary judgment must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty*

---

[2]*Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

*Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  Affidavits or other evidence offered by a nonmovant must create a genuine issue for trial; viewing the evidence in the light most favorable to the nonmovant, it is not enough that the evidence be "merely colorable" or anything short of "significantly probative." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

For purposes of summary judgment, a *Martinez* report is treated like an affidavit.  *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).  "The plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury."  *Id.*

Because Martinez is *pro se*, the Court liberally construes his filings.  *Hall*, 935 F.2d at 1110. This means that if the Court reasonably can read the pleadings to state a valid claim on which he might prevail, it should do so despite, for example, any failure to cite proper authority or unfamiliarity with pleading requirements.  *Id.*  This does not mean, however, the Court may assume the role of advocate for the *pro se* litigant.  *Id.*  The Court also will not supply facts that have not been pled or proven, nor will it construct legal arguments or theories absent a coherent discussion of the issue in question. *Drake v. City of Fort. Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### B.      Deliberate Indifference to Serious Medical Need

A prison official's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  "'Deliberate indifference' involves both an objective and a subjective component."  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "A medical need is sufficiently serious if it is one that has been diagnosed by

a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (quotation omitted).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Sealock*, 218 F.3d at 1209. "In measuring a prison official's state of mind, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez v. Garden*, 430 F.3d 1302, 1304 (quotation marks and citation omitted). The subjective element of an Eighth Amendment claim is not satisfied "absent an extraordinary degree of neglect." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

Bearing these standards in mind, the Court turns to the merits.

## III. ANALYSIS

### A. Defendants' *Martinez* Report

Defendants assert that Mr. Martinez' medical records "do not substantiate his claims." [Doc. 26 at 2, n. 2.] Their *Martinez* report contains the affidavit of Joy Culiver.[3] [Doc. 26-1.] The affidavit states that Ms. Culiver is a Licensed Practical Nurse employed by Defendant CHM, and that she has worked at Curry County Detention Center ("CCDC") since 2007. [Doc. 26-1, ¶¶ 6–8.] Ms. Culiver states that she recalls administering routine medical treatment to Mr. Martinez. [Id., ¶ 11.] However, she says he never complained to her about chest pains, and never told her he thought he was having a heart attack and needed to be transported to the hospital. [Id., ¶¶ 12–14.] Furthermore, she states she is not aware of any evidence that he complained of chest pains or that he actually suffered a heart attack while incarcerated at CCDC. [Id., ¶¶ 15–16.]

---

[3]The Court assumes for the purposes of this analysis that Joy Culiver is the person Mr. Martinez has identified as defendant Joyce Garcia. Ms. Culiver's affidavit states that although her maiden name was "Joy Garcia," she has never been known as "Joyce Garcia." [Doc. 26-1, ¶ 3.]

**B.      Eighth Amendment Claims**

Liberally construed, Plaintiff's Complaint alleges three cognizable Eighth Amendment harms. First, he claims suffered a heart attack and was not taken to the hospital.  Second, he claims he suffered chest pains.  Third, he claims a delay in receiving medical treatment.  The Court considers each of these claims separately below.

**1.      Heart attack**

There is little doubt that a heart attack constitutes a serious medical need that satisfies the first element of an Eighth Amendment claim.  *Sealock*, 218 F.3d at 1210–12; *Weatherford ex rel. Thompson v. Taylor*, 347 F.App'x 400, 403 (10th Cir. 2009) (unpublished).  There is no evidence, however, that Martinez actually suffered a heart attack.

Defendants' *Martinez* report states that his claim of heart attack is unsubstantiated by his medical records.  [Doc. 26 at 2, n. 2.]  Furthermore, the affidavit of nurse Joyce Culiver states that she is "not aware of any evidence that Plaintiff actually suffered from a heart attack while he was incarcerated at [Curry County Detention Center]."  [Doc. 26-1, ¶ 16.]  Defendants have pointed to an absence of evidence as to this element of Mr. Martinez' claim. The burden now shifts to him to raise a fact issue.

Having failed to respond to the *Martinez* report, the only "evidence" that Mr. Martinez suffered a heart attack is his own statement contained in his sworn complaint that he was having a "lite heart attack."  [Doc. 5 at 6.]  The Court concludes that Mr. Martinez' personal belief that he was having a heart attack is not sufficient to meet his burden.  There is no indication Mr. Martinez is qualified to make a diagnosis of heart attack.  Furthermore, while symptoms of a major heart attack may be obvious even to a lay person, there is no evidence that Mr. Martinez displayed such obvious symptoms. *See Sealock*, 218 F.3d at 1210 (concluding that defendant should have known that inmate

who was pale, suffering severe chest pains, sweating, and vomiting was having a heart attack).  In light of the *Martinez* report indicating that his medical records do not substantiate his claim of heart attack, it is incumbent upon Mr. Martinez to come forth with some evidence, other than his personal belief, to show there exists an issue of fact for the jury.  He has failed to do so, and the Court concludes that the statements in the complaint do not satisfy his burden.

Even if the Court were to assume the objective element had been met, there is no evidence as to the subjective element, the defendant's state of mind.  Joyce Culiver's affidavit, attached to the *Martinez* report, states that Mr. Martinez never told her he suspected he was having a heart attack. [Doc. 26-1, ¶ 13.]

To survive summary judgment, Mr. Martinez must "designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case."  *Sealock*, 218 F.3d at 1209 (citing *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)).  Having failed to respond to the *Martinez* report, the only "evidence" proffered by Mr. Martinez arguably relating to the defendant's state of mind is the conclusory statement contained in his sworn complaint that the nurse defendant "abused her authority by acting in a very unlawful manner."  Mr. Martinez does not, however, describe what steps he took to alert the defendant to his condition, what her response was, or how her alleged indifference was manifested.

There are two types of conduct constituting deliberate indifference: (1) a medical professional may fail to treat a serious medical condition properly; and (2) a prison official may prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment.  *Sealock*, 218 F.3d at 1211.  From the statement contained in the complaint, the Court is unable to discern even which of the two types of deliberate indifference Mr. Martinez claims occurred.  In short, the complaint is completely devoid of factual support relating to the nurse defendant's state

6

of mind.  The Court concludes that Mr. Martinez has failed to meet his burden and that summary judgment on his Eighth Amendment heart attack claim is appropriate.

### 2.    Chest pains

Mr. Martinez also claims he suffered chest pains for three days.  In certain circumstances, chest pains can constitute a serious medical need because they indicate a medical emergency, or because they inflict unnecessary or wanton suffering if untreated for a prolonged period of time.  *Mata v. Saiz*, 427 F.3d 745, 754–55 (10th Cir. 2005); *Sealock*, 218 F.3d at 1210.  The Court liberally construes Mr. Martinez' sworn complaint to allege chest pains of sufficient severity to satisfy the objective element of an Eighth Amendment claim.

The claim nevertheless fails because, as discussed above, Mr. Martinez has offered no evidence that the nurse defendant was aware of, let alone indifferent to, this alleged medical need.  Without a response from Mr. Martinez, and with only the sparse allegations contained in the complaint, the Court has no choice but to conclude that he has failed to meet his burden.

### 3.    Delay

Liberally construed, the complaint alleges a delay in medical treatment.  Specifically, he states he suffered from chest pains for three days before he was given nitroglycerin pills.  [Doc. 5 at 6.]

Delay in medical treatment is actionable as an Eighth Amendment violation in itself, but only if the plaintiff can show that the delay resulted in substantial harm, such as lifelong handicap, permanent loss, or considerable pain.  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).  Here, Mr. Martinez has failed to show that the alleged delay in treating his chest pains resulted in substantial harm, or any harm at all.  To the contrary, it appears from the complaint that the administration of nitroglycerin pills by "Nurse Vickie" resolved his symptoms.

Even if the Court were to infer substantial harm from the sparse allegations of the complaint, the claim should be dismissed because, as with the other claims, Mr. Martinez has failed to meet his burden with respect to the subjective element.  The Court therefore concludes that summary judgment on Mr. Martinez' claim for delay in medical treatment is appropriate.

C.      **Fourteenth Amendment claim**

Mr. Martinez asserts in his complaint that his Fourteenth Amendment due process rights were violated.  [Doc. 5 at 3.]  He has made no factual allegations, however, in support of a due process claim.  Any Fourteenth Amendment claim should therefore be dismissed.

## IV.    RECOMMENDATION

The Court recommends that Plaintiff's Prisoner's Civil Rights Complaint [Doc. 5], filed October 13, 2009, be dismissed with prejudice and that summary judgment be entered in favor of all Defendants on all of Plaintiff's claims.

_____
**DON J. SVET**
**United States Magistrate Judge**

8